**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000615
28-JUN-2017
08:32 AM**

NO. CAAP-16-0000615

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
EDWIN KELLER, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(WAIANAE DIVISION)
(CASE NO. 1DCW-15-0004105)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Chan, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Edwin Keller (Keller) with third-degree assault, in violation of Hawaii Revised Statutes (HRS) § 707-712(1)(a) (2014).[1] After a jury-waived bench trial, the District Court of the First Circuit (District Court)[2] found Keller guilty as charged. The District Court sentenced Keller and entered its Judgment on August 11, 2016.

---

[1] HRS § 707-712 provides, in relevant part:

(1) A person commits the offense of assault in the third degree if the person:

    (a) Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

. . . .

(2) Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

[2] The Honorable John A. Montalbano presided.

On appeal, Keller contends that the District Court erred in finding him guilty of third-degree assault because there was insufficient evidence to negate his claim of self-defense. In the alternative, Keller contends that the District Court erred in finding him guilty of third-degree assault as a misdemeanor, rather than as a petty misdemeanor, because Keller claims the evidence showed that he engaged in a mutual affray with the complaining witness. We affirm the District Court's Judgment.

I.

A.

The complaining witness (CW) and Keller were neighbors in an apartment complex. The CW testified at trial that Keller approached the CW and told him to "shake my fuckin' hand." According to the CW, the CW told Keller that after "all the things you've -- you did to me and my family, you disrespect my wife," the CW was not going to shake Keller's hand. After the CW refused to shake Keller's hand, the CW walked away from Keller. Keller taunted the CW, saying "[c]ome back over here so I can kick your ass." Keller followed the CW, walking alongside the CW. When the CW turned to look at Keller, Keller threw two punches that both landed on the CW's face. The first punch was a "closed right fist" "straight right" punch that hit the CW in the chin. The second punch was a "closed fist" "left cross" that hit the CW on the cheek. The second punch caused the CW more pain than the first punch. After being punched, the CW put his hands up for the first time because he was not sure if Keller was going to keep attacking him. CT, a person who worked at the apartment complex, stepped in and separated the CW and Keller. The CW testified that he did not "make contact" with Keller at any time during the incident.

CT testified that from a distance of about three feet, he saw the CW refuse to shake Keller's hand and walk away from Keller. According to CT, Keller called the CW back, told the CW that he wanted to talk to the CW, and made gestures to the CW. When the CW walked back up on the sidewalk, Keller punched the CW twice, with the right and then the left hand. After being struck

with the second punch, the CW fell backward. As the CW was getting himself ready to retaliate for the punches, CT yelled at the CW to "stop, don't touch him, it's not worth it, call the cops." The CW heeded CT's advice and stopped. Prior to Keller punching the CW, CT did not see the CW strike Keller or hear the CW say anything to Keller to induce the punches.

B.

Keller called Reid Elam, Ph.D. (Dr. Elam), a licensed physical therapist, as a witness. Dr. Elam was Keller's physical therapist after Keller had surgery on his right shoulder, which occurred four months before the charged incident. Dr. Elam testified that at around the time of the incident, Keller had limited range of motion and reduced strength in his right arm. Dr. Elam opined that someone in Keller's condition would not be able to "get full force extension" with the right arm and would have difficulty making a fist with the right hand. Dr. Elam stated that Keller had normal range of motion in his left arm and was able to make a fist with his left hand.

Keller testified in his own defense at trial. Keller testified that he saw the CW walking towards him, and Keller asked the CW to "shake my hand[.]" The CW said, "'F' you." Keller stated that as he walked past the CW, the CW told Keller, "I going lick you." The CW came towards Keller. Keller testified that Keller then put his hand up and the CW "ran into my fist." According to Keller, he lifted his left arm out in a straight line with a closed fist and the CW ran into his fist, at which point the CW said, "[C]all the cops."

C.

In rendering its guilty verdict, the District Court stated in pertinent part:

> That on August the 13th, 2015, defendant, Edwin Keller, did attempt to make peace with the [CW], but was met with anger and cussing; that the defendant, Edwin Keller, did attempt to shake the [CW's] hand, but [the CW] rejected.
>
> . . . .
>
> The credible testimony of [CT] supports that as an unbiased witness, he observed the defendant try to shake

3

[the CW's] hand. When [the CW] refused, the defendant called [the CW] back and punched him in the face two times. The testimony of [the CW] supports that he was hit in the face and suffered pain from two punches. Furthermore, [CT] testified that after he saw [the CW] get punched, he observed [the CW] fall backwards and then saw [the CW] get ready to retaliate. [CT] then intervened and told [the CW] don't touch him, it's not worth it.

. . . .

After [CT] intervened, the police were called.

The court does not find credible defendant's testimony, that he simply held up his arm and the [CW] ran into his fist. Although defendant has attempted to establish a self-defense justification to the assault, the court finds that the State has disproven the justification of self-defense beyond a reasonable doubt. The defendant is 100 pounds heavier than the [CW]. The defendant is five to six inches taller than the [CW]. Furthermore, the description of the punches thrown during the incident were not immediately necessary to protect oneself, as the defendant has attempted to testify to.

The court finds that there was no unlawful use of force that was exhibited during the incident by [the CW].

Given the greater weight of the credible evidence adduced at trial, the court concludes that the State has met its burden to establish each element of the offense of assault in the third degree and does find Edwin Keller guilty of assault in the third degree.

The District Court also stated that "[t]here's no finding of mutual affray. There was no evidence of mutual affray."

II.

We resolve the issues raised on appeal by Keller as follows:

1. We conclude that there was sufficient evidence to negate Keller's claim of self-defense. The CW's testimony showed that Keller was the aggressor and that without warning, Keller twice punched the CW in the face. The CW's testimony was corroborated by CT, who testified that prior to Keller punching the CW two times, CT did not see the CW strike Keller or hear the CW say anything to Keller to induce the punches. The District Court also rejected Keller's version of the incident, finding that Keller's testimony that he simply held out his arm and the CW ran into his fist was not credible. The District Court did not err in rejecting Keller's claim of self-defense. See State v. Jhun, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996) ("The

4

prosecution disproves a justification defense beyond a reasonable doubt when the trial court believes the prosecution's case and disbelieves the defendant's case.").

2.    Third-degree assault is a misdemeanor unless committed in the course of a mutual affray, that is, "a fight or scuffle entered into by mutual consent," in which case the offense becomes a petty misdemeanor.  HRS § 707-712(2).

We reject Keller's contention that the District Court erred in finding him guilty of third-degree assault as a misdemeanor, rather than as a petty misdemeanor.  Keller's contention is based on his claim that the evidence showed that he engaged in a mutual affray with the CW.  As the trier of fact, it was the District Court's prerogative to determine the credibility of the witnesses and the weight of the evidence.  Jhun, 83 Hawaiʻi at 483, 927 P.2d at 1366.  "Viewing the evidence in the light most favorable to the prosecution and in full recognition of the province of the trier of fact," we hold that there was sufficient evidence to support the District Court's finding that Keller was guilty of third-degree assault that was not committed in the course of a mutual affray.  See id.

III.

We affirm the District Court's Judgment.

DATED: Honolulu, Hawaiʻi, June 28, 2017.

On the briefs:

Cameron T. Holm
Deputy Public Defender
for Defendant-Appellant.

Jonathan K.D. Tungpalan
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

*Craig H. Nakamura*
Chief Judge

*[signature]*
Associate Judge

*[signature]*
Associate Judge

5